FILED

Form B16B
12/94

2019 APR -8 P 1:27

CLERK
BANKRUPTCY COURT
ALEXANDRIA DIVISION

UNITED STATES BANKRUPTCY COURT

_____EASTERN_____ DISTRICT OF __VIRGINIA__

In re __Elizabeth Corey Hart__
Debtor

Case No. __19-10763-KHK__

Chapter __13__

REQUEST FOR RECONSIDERATION TO
NOTICE OF HEARING FOR MOTION TO STAY
HELD ON APRIL 3, 2019

TO HONORABLE
KINETTE H. KINDRED

On the morning of April 3rd, my daughter and I were delivering water to grandson's school. My daughter picked up both cases of water and she wrenched her back that she needed medical attention as soon as possible. Being that we have only one car and she could not drive I took her to an emergency clinic. I called and left messages for a Ms Williams before court hearing and after and she did not return my call til two days later.

Therefore I urgently request a reconsideration to my hearing that I could not attend and respectfully request a reconsideration

In re Elizabeth Coney Hart
Page 2

Chapter 13
Case No. 19-10763-KHK

To my Motion to Stay.

I have not found an attorney that will take my Chapter 13 case yet.

Also I have attached for your understanding that I was going to submit for your review at the time of my hearing documents that show my urgency in my reason for the Stay on my home.

Please grant me a reconsideration to another hearing on my Motion to Stay.

Respectfully,

Elizabeth Coney Hart

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent via first class mail to the U.S. Trustee, Trustee and all interested parties on this __8__ day of __APRIL__, 20__19__.

_Elizabeth Cory Hart_
ELIZABETH CORY HART

KARL A. MOSES, JR.
BWW Law Group, LLC
8100 Three Chop Road
Suite 240
Richmond, VA 23229

**19-10763-KHK** Elizabeth Corey Hart
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Klinette H. Kindred
**Date filed:** 03/11/2019 **Date of last filing:** 04/06/2019

# Creditors

**BWW Law Group LLC**
6003 Execute Blvd., Suite 101    (14756535)
                                 (cr)
Rockville Md. 20852

**Wells Fargo Home Mortgage**
                                 (14756534)
P.O. Box 10335                   (cr)
Des Moines, Iowa 50306

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_____Alexandria_____ Division

In re: **ELIZABETH Corey HART**　　Case No. **19-10763 KHK**
　　　　　　　　　　　　　　　　　Chapter **13**
　　　　　Debtor(s)

　　　Plaintiff(s)　　　　　　　　　Adversary Proceeding No.

v.

　　　Defendant(s)

### CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title:
Date Document Filed:
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

**ELIZABETH Corey HART**
Name of Pro Se Party (Print or Type)　　　Name of Pro Se Party (Print or Type)

*Elizabeth C. Hart*
Signature of Pro Se Party　　　Signature of Pro Se Party

Executed on: **8 April 2019** (Date)

[2090edva ver. 09/17]

FILED 2019 APR -8 P 1:28 CLERK BANKRUPTCY COURT ALEXANDRIA DIVISION

# FORTRESS CONSULTANTS, LLC

## Advocates & Mediators

Office 703.649.8028    Fax 571.266.6368

April 7, 2016

Ms. Tyesha Brown
America's Servicing Co. (ASC)
P.O. Box 10388
Des Moines, IA 50306-0388

**In the Matter of:**

Ms. Elizabeth C. Hart
1991 Brooke Farm Ct.
Woodbridge VA 22192                    Loan #: 12?      ?1
                                       Case #: 1681542

Hello Tyesha:

Thank you for contacting me last night about Ms. Elizabeth's file—it was a long day. The purpose of my letter is to provide a re-cap of our conversation of yesterday evening. Before I begin, however, Mr. Redmond Hart, late last night sent me a response about your April 1st, 2016 letter. Before I share with you about our conversation, please allow me to convey to you what Mr. Hart wrote me:

**Mr. Bennett:**

In reviewing Tyesha Brown's letter to you of April 1st, 2016; she wrote "We were unable to locate a prior request from your client for the amortization schedule." Her claim is not only misleading but outright spurious. I have had only one conversation with Ms. Brown after my sister had just given her permission for me to access the account. During our conversation, I repeatedly asked how payments are applied to the account. She informed me that kind of information could only be obtained from an amortization. I voiced to her immediately that is exactly what I want. I want an amortization that shows every payment and how it was applied from the beginning of the loan. She scratched around about how difficult it would be to produce because of the changes made on the account over the years. She did not tell me I had to make another request in writing or direct my request to another department. I was satisfied that she understood my request and would provide me the information, which can be verified by their phone recordings for quality assurance two months ago.

I'm sure she personally remembers our conversation because my frustration comes across unpleasantly on the phone and my sister was saying "be nice" in the background.

**Regards,**

**Redmond Hart**

Tyesha--concerning our conversation last night, we discussed several points:

1) You shared the highlights of your April 1st letter, 2016 letter about my questions that I had sent in several days ago.

2) We discussed the disparity in ASC's calculation of income and our calculations in income; we talked about Ms. Elizabeth's DOD paystub, and how the income was determined.

-2-

3) We discussed the Underwriter's calculations v. our calculations, and the subsequent supposed inability of Ms. Elizabeth to pass the loan modification requirements.

4) We discussed the Private Investor's view of a loan mod attempt, and that Underwriting attempted to evaluate scenarios with Principal Reduction as well as Forbearance of the arrearages.

5) We discussed a hypothetical situation that based on the Hart's income, and no credit issues, they would qualify for a $350,000 loan! With a forbearance or principal reduction, the loan could be restarted at this amount.

6) We talked about ASC's issuance of a HAMP Trial Loan Modification in December of 2009, and a conversion to an In-House Trial Loan Modification 10 months later!

7) We discussed that maybe the Private Investor does not want to give a loan modification because there is equity in the house. I acknowledge that and have even told the Hart family this. *By the way, HAMP guidelines DO NOT require positive or negative equity to be considered for HAMP!*

In all honesty, I could write several pages here, but I will not. I would emphasize two (2) areas. First & foremost, this is the first time–EVER–I have been told my calculations did NOT align within the guidelines. *Why do I make this point?* In my dealings with the Lenders & Servicers within our Industry and profession of Loan Modifications and Short Sales, our company is always within $5-$75 of the number we need to be for a loan modification! That is a fact!

Secondly, I can tell you that in all of my dealings and negotiations with Loss Mitigation, Home Preservation, and Home Retention Departments, Fortress Consultants has **NEVER NEGOTIATED** a *No-Doc* Trial Loan Modification (TLM)! **Never!** *Why is this significant?* Because the lenders ALWAYS required documentation of substance–a true Loan Modification Package–with all documents, or the Lender/Servicer would NOT do anything and close the file. Only then, even after much scrutiny, would a TLM be issued. Furthermore, TLM'S were/are 3 months long. I have seen a TLM go for (6) months! And I heard of one that went nineteen (19) months, AND it was evaluated by the FBI!

*What is my point?* **In all candor, and it saddens me to say this, but ASC the Investor has conducted themselves in a predatory manner to systematically take the Hart's home.** *My recommendation is that ASC and their Investor should re-think their position about foreclosure and alternatives to giving up her home.* If ASC is set on this course, I will be exiting this scenario and ASC will need to contend in a different arena. Lastly, after much discussion and further evaluation, I have recommended to the Hart family that no further documentation be sent to ASC.

With Best Regards,

*Mark Bennett*

Mark Bennett
Mediator, IABMC
Fortress Consultants, LLC

C.c. Ms. Elizabeth Hart

February 26, 2016

Ms. Elizabeth C. Hart
Mr. Redmond R. Hart
1991 Brooke Farm Ct.
Woodbridge VA 22192

RE: Loan#1256028301

Dear Sir(s):

My name is Redmond R. Hart, and in our endeavor to help save our home, I have been asked to submit, for your understanding, an explanation as to why my work hours appear to be erratic. This is certainly not by my design or choice. *Please understand I am a Prince William County substitute school teacher.* The reason my hours may vary is because of inclement weather — snow days closing school, the county may not call me to come in and teach. Or, the county may have me come in and perform in a supervisory capacity to proctor an examination, chaperone a school dance, or be available at an athletic event. The county may even have me come in and teach only a partial day.

I hope this will aid in your understanding of my employment and variable pay. Please do not hesitate to contact me via Fortress Consultants should you have further questions.

With Sincere Regards,


Redmond R. Hart

ELIZABETH C HART

1256028301

To AMERICA'S SERVICING CO.;                                                                                           2/27/2016

| | |
|---|---|
| Customer Name | ELIZABETH HART / |
| Address | 1991 BROOKE FARM CT. WOODBRIDGE, VA 22192- |
| Lender | AMERICA'S SERVICING CO. |
| Loan Number | 12... |

### CLIENT OBJECTIVE

- Modify existing mortgage terms to achieve:
- Reduction in payment and or principal
- Retain property ownership for long term
- Improve financial health

### ANALYSIS

**Current analysis shows the following findings:**

- Current property value is estimated at $447,700.00
- Current mortgage with **AMERICA'S SERVICING CO.** is at a monthly payment of **$2,367.11**.
- Original Loan Amount was **$405,000.00** and Current Loan is **$380,490.87**.
- Based on current Loan of **$380,490.87** and current value of **$447,700.00**, the equity position of the property is **$67,209.13**

### POSSIBLE EFFECTS WITHOUT MODIFICATION

- Continued hardship could cause missed mortgage payments.
- Lack equity in the property will prevent the homeowner to refinance the property
- In light of in ability to refinance and lower payment and continued hardship could lead to financial crisis for home owner,

### RECOMMENDATION

Negotiate current mortgage balance with **AMERICA'S SERVICING CO.** with $ **$380,490.87** with interest rate of 2% amortized over **480** months, with payments Principal and Interest of **$1,152.22** per month, Real Estate Tax of **$455.30** and Insurance of **$152.31** Totaling **$1,829.83**

| MORTGAGOR BENEFITS: | MORTGAGEE BENEFITS: |
|---|---|
| • Modified and improved mortgage terms<br>• Home ownership retained<br>• Hardship addressed, eliminated or reduced | • PREVENTED POSSIBLE LOSS OF **$$2,790.87**<br>• PREVENTED POSSIBLE LOSS OF FORCLOSURE FEES<br>• PREVENTED R&M COST AVERAGING $70,000.<br>• TIMELEY MORTGAGE PAYMENTS<br>• POSITIVE ECONOMIC IMPACT |

Main Office .   Ph:  Ext:  Fax:

# Client Proposal

## Proposed Terms for Modification

Borrower: ELIZABETH C HART
Loan No: 1256028301

**Attached, proposal and supporting documentation for a loan modification:**

| AMERICA'S SERVICING CO. | |
|---|---|
| Loan number: | 12 |
| New Principal Balance: | $380,490.87 |
| New Interest Rate: | 2.00% |
| New Amortization Period: | 480 Months |
| Real Estate Tax: | $455.3 |
| Insurance: | $152.31 |
| Home Owner Association Fees: | $70.00 |
| New Principal & Interest Payment: | $1152.22 |
| Totaling: | $1829.83 |



| 2nd Mortgage | |
|---|---|
| Loan number: | |
| New Principal Balance: | $0.00 |
| New Interest Rate: | 0.00% |
| New Amortization Period: | 0 Months |
| New Principal & Interest Payment: | $0.00 |
| Totaling: | $0.00 |



| 3rd Mortgage | |
|---|---|
| Loan number: | |
| New Principal Balance: | $0.00 |
| New Interest Rate: | 0.00% |
| New Amortization Period: | 0 Months |
| New Principal & Interest Payment: | $0.00 |
| Totaling: | $0.00 |



Main Office , Ph: Ext: Fax:

# FORTRESS CONSULTANTS, LLC

## Advocates & Mediators

Office 703.649.8028   Fax 571.266.6368

February 28, 2015

Ms. Tyesha Brown
America's Servicing Co. (ASC)
P.O. Box 10388
Des Moines, IA 50306-0388

**In the Matter of:**

Ms. Elizabeth C. Hart
1991 Brooke Farm Ct.
Woodbridge VA 22192

Loan #: **12**
Case #: **1681542**

Hello Tyesha:

This is to inform you that the loan modification package of Ms. Elizabeth Hart and her brother, Mr. Redmond Hart, consists of approximately 105 pages, and that is after filtering and reducing the number of documents Ms. Hart had prepared. I will send you this package in (3) three parts and in immediate sequence.

Of particular importance is that the daughter, **Mary Will, will NOT be participating in this last and final loan modification request.** And to be honest, after extensive review as well as discussion with the family, **it is really not necessary for Ms. Will to participate.** *This loan modification application can stand on the financial strength and merits of Elizabeth and her brother, Mr. Redmond Hart.*

Ms. Brown, I acknowledge that the ASC/Wells Fargo Customer Care Recovery Group is far more intelligent than I am. Yet, you may recall the other day we discussed what I honestly believe to be several disparities and conflicts in the history of this case; *nevertheless, we would ask:*

1) Why did Ms. Hart and her brother have to submit several (6) loan modification packages? Why could this not be resolved in 2 or 3 (max) attempts?

2) Was it necessary to require her daughter, Mary Will, to participate in the loan modification process?

3) What information in Ms. Hart's loan modification applications was lacking or not acceptable, so that she would have to do this several times?

4) Do your archives show where Ms. Hart and her brother had **made trial payments for 10 months and then ASC/Wells Fargo returned her money — approximately $20,000?**

5) Is it true that ASC/Wells Fargo asked her and her brother to return the very same $20,000?

6) Concerning her most recent attempt, Ms. Hart informed me she was denied because of not passing the NPV (Net Present Value). **Did ASC explain to her the significance of the NPV & its impact? Why is this worth knowing?** *Up until this past weekend, Ms. Hart thought the NPV was the CMV (Current Market Value) of her home!*

(For what it's worth, her home is worth $447,738. This is based on a pre-cursory evaluation by a certified appraiser. I have seen your evaluation at $481,000 and do not concur with this. But that's not important now.)

*You informed me that you work in the office of the President of Wells Fargo.* ***These questions should be enough to warrant a postponement of the 3/9/2016 foreclosure sales date.*** *After all, we are talking about a sister and brother, whom are approximately 60 years old, and ASC is moving to take their home — a home they purchased 13 years ago! Frankly, this matter should have been resolved about 21 months ago.*

I am asking you professionally, courteously, and tactfully to stop this sale. This is only reasonable. **If ASC wishes to persist with this plan of action, they will be making a grievous error!** Let me be clear—For the Office of The President to stop the current sale and postpone it for 30 days in order to review this new and current loan modification is the right thing to do!

Thank you for your help and consideration.

With Best Regards,

*Mark Bennett*

Mark Bennett
Mediator, IABMC
Fortress Consultants, LLC

C.c. Ms. Elizabeth Hart

**VIRGINIA:  IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY**

**NOTICE OF LIS PENDENS**

1. TO: The following parties with an actual or possible interest in the below-described property, all to be indexed as both Grantor and Grantee:

Elizabeth **Hart**

**Wells Fargo Home Mortgage**
**d/b/a America's Servicing Company**

**HSBC Bank USA, as trustee for the**
**Nomura Asset Acceptance Corporation**
**Mortgage Pass-Through Certificates**
**Series 2006-AF1**

**Equity Trustees, LLC**

20⎵ ⎵⎵⎵⎵⎵⎵⎵⎵
Prince William County, VA
01/09/2018 02:15 PM  Pgs: 2
Jacqueline C Smith, Esq., Clerk

2. **YOU ARE NOTIFIED** of the institution of an action in **Prince William Circuit Court** by Elizabeth **HART**, against Wells Fargo Home Mortgage, d/b/a America's Servicing Company, *et. al.*, on January 9, 2018.  Said action seeks to declare rights vis-à-vis the First Deed of Trust Note and First Deed of Trust encumbering the below-described property, and for other, further and general, legal and equitable relief as set forth in the **COMPLAINT** filed and bearing the Caption:

**Elizabeth Hart**, Plaintiff

v.                                                                                  CL 18-235

**Wells Fargo Home Mortgage, d/b/a America's Servicing Company**, *et. al.*, Defendants

3. The property involved in this Action pertains to that certain parcel, lot or unit situate, lying and being in PRINCE WILLIAM COUNTY, VIRGINIA, and more particularly described as follows:

Property Address: **1991 Brooke Farm Court, Woodbridge, VA 22192**

**Legal Description:**

Lot 21, Section 1, Brooke Farm

Parcel ID.:    **8392-28-6648**

4. The estate sought to be affected: The above-described property is owned by **Elizabeth Hart; Homebridge Mortgage Bankers Corp.**, was the original "Lender;" **HSBC Bank USA, as trustee for the Nomura Asset Acceptance Corporation Series 2006-AF1 is a common law trust**, and others may have an interest in the lien of said Deed of Trust.

Prepared by & Return to: The Brown Firm PLLC, 526 King St, Suite 207, Alex, VA 22314

Dated 9th day of January, 2018.

Respectfully submitted:

*[signature]*

Christopher E. Brown VSB# 39852
526 King St, Suite 207
Alexandria, Virginia 22314
703.924.0223
fax 703.997.2362
brownfirm@lawyer.com
*Counsel for Plaintiff*

State of Virginia, City of Alexandria, to-wit:

On this 9th day of January, 2018, Christopher E. Brown, Esq. appeared before me, the undersigned Notary Public, and acknowledged the foregoing to be his free, voluntary and authorized act.

My commission expires: 3.31.18    Name: Lisa Mdarhri-Alaoui
Notary Public # 7599240

LISA MDARHRI ALAOUI
NOTARY PUBLIC
REG. #7599240
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2018

Prepared by & Return to: The Brown Firm PLLC, 526 King St, Suite 207, Alex, VA 22314

- 2 -

```
2018010900002025
Prince William County, VA
01/09/2018 02:15 PM  Pgs: 1
Jacqueline C Smith, Esq., Clerk
```

## CERTIFICATE OF RELEASE OF
## [×] MEMORANDUM OF LIS PENDENS
## [ ] ATTACHMENT

Case No. ........... CL16-4346 ...........

VIRGINIA: The Circuit Court of the [ ] City [×] County of .......... Prince William ..........

is the location of the following record referenced by this certificate:

........... May 25, 2016 ...........
DATE MEMORANDUM/ ATTACHMENT RECORDED    DEED BOOK NUMBER    PAGE NUMBER    INSTRUMENT NUMBER

........... 8392-28-6648 ........... or ...........
TAX MAP REFERENCE NUMBER                             PARCEL IDENTIFICATION NUMBER

........... Elizabeth Hart v. Wells Fargo Home Mortgage, et al. ...........
STYLE OF CAUSE OR ATTACHMENT

........... Circuit Court, Prince William County ...........    $ ...........
COURT WHERE PENDING                             CLAIM ASSERTED BY PLAINTIFF

Description of property:
1991 Brooke Farm Court, Woodbridge, VA 22192

........... Elizabeth Hart, Wells Fargo Home Mortgage d/b/a Americas Servicing Company, HSBC Bank USA, as trustee for the ...........
NAME(S) OF PERSON(S) WHOSE ESTATE IS INTENDED TO BE AFFECTED THEREBY

The above mentioned memorandum of lis pendens/attachment is hereby released.

Christopher Brown / The Brown Firm, PLLC

526 King St. Ste. 207, Alexandria VA 22314

```
LISA MDARHRI ALAOUI
NOTARY PUBLIC
REG. #7599240
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2018
```

by ...........
[■] ATTORNEY AT LAW [ ] AGENT [ ] ATTORNEY IN FACT

[×] City [ ] County of ..... Alexandria .....    State/Commonwealth of ..... Virginia .....

The foregoing instrument was acknowledged, subscribed and sworn to before me this ..... 9th ..... day
of ..... January ....., 20 ..18..
by ..... Elizabeth Hart .....
HOLDER OF NOTE(S), BOND(S) OR OTHER EVIDENCE(S) OF DEBT

..... Lisa Mdarhri-Alaoui .....
PRINTED NAME OF NOTARY PUBLIC

SIGNATURE OF NOTARY PUBLIC
(My commission expires ..... 3.31.18 ..... )
Registration No. ..... 7599240 .....

This instrument was admitted to record on ........... at ........... m.
                                          DATE                TIME

........... , Clerk  by ........... , Deputy Clerk

FORM CC-1510 MASTER 05/08
VA. CODE §§ 8.01-268, 8.01-269, 8.01-335